353 F.2d 736
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 861,
Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 861,
AFL-CIO, Respondent.
 Nos. 21385, 21386.
 United States Court of Appeals Fifth Circuit.
 Dec. 16, 1965.
 
 Marcel Mallet-Prevost, Asst. Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Vivian A. Asplund, Atty., N.L.R.B., Washington, D.C., Arnold Ordman, Gen. Counsel, Stephen B. Goldberg, Atty., N.L.R.B., for petitioner.
 C. Paul Barker and Dodd, Hirsch, Barker & Meunier, New Orleans, La., for respondent.
 Before WHITAKER, Senior Judge,[1] and WISDOM and THORNBERRY, Circuit judges.
 PER CURIAM:
 
 
 1
 There is ample evidence in these cases to support the Board's decision that Respondent's picketing at the construction sites violated Section 8(b)(4)(i) and (ii)(B) of the Act, 29 U.S.C. 158(b)(4)(i) and (ii)(B). In fact, Respondent does not appeal the Board's finding of unlawful secondary boycott activity in No. 21386.
 
 
 2
 Respondent's primary contention in both cases is that the orders issued by the Board were unduly broad in scope, in that they not only prohibited future violations against the immediate parties but precluded Respondent from engaging in such conduct against 'Any other person similarly engaged in commerce or in an industry affecting commerce' in No. 21385 and against 'any other person' in No. 21386.
 
 
 3
 Under the circumstances of these cases, we cannot say that the scope of the orders was too broad. The Board stated that the broad language was 'necessary because of the extent to which the Respondent has demonstrated a proclivity to engage in unlawful secondary activities.' This finding, supported by the Record, affords sufficient justification for the breadth of the orders. Truck Drivers & Helpers Local Union No. 728 v. N.L.R.B., 5th Cir. 1964, 332 F.2d 693, at 697, cert. denied 379 U.S. 913, 85 158(b)(4)(i), (ii)(B).
 
 
 4
 Accordingly, the orders in both cases are enforced.
 
 
 
 [1]
 Of the U.S. Court of Claims, sitting by designation